```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

<u>Preferred Merchant Hood, LLC</u>

    v.                              Civil No. 06-cv-067-JD

<u>Family Dollar, Inc.</u>


<u>PROCEDURAL ORDER</u>

Preferred Merchant Hood, LLC, a landlord, commenced this possessory action against its tenant, Family Dollar, Inc., by filing a "Landlord and Tenant Writ" in the Derry District Court pursuant to Revised Statutes Annotated 540:13.  Family Dollar responded by removing the case to this court, invoking its diversity jurisdiction under 28 U.S.C. § 1332(a).  Preferred Merchant has now moved to remand the case to the state court due to lack of subject matter jurisdiction, arguing, <u>inter alia</u>, that this case fails to satisfy the amount in controversy requirement.

Before taking up this question and the other issues presented by the remand motion, however, the court notes that it is unclear whether the parties are "citizens of different States" within the meaning of section 1332(a)(1).  Neither the writ nor the notice of removal states the citizenship of either party, and the materials submitted in connection with the motion for remand are also largely silent on that point.  The court notes in this regard that, for purposes of diversity jurisdiction, a limited

liability company (like Preferred Merchant) has the citizenship of each of its members.  <u>Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.</u>, 435 F.3d 51, 54-55 (1st Cir. 2006). A corporation (like Family Dollar) is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).

As the party bearing the burden of showing subject-matter jurisdiction, <u>see</u>, <u>e.g.</u>, <u>Garcia Perez v. Santaella</u>, 364 F.3d 348, 351 (1st Cir. 2004), Family Dollar shall file an amended notice of removal setting forth the citizenship of each of the parties for purposes of diversity jurisdiction by April 21, 2006.  If Family Dollar fails to do so, this action will be remanded for lack of subject-matter jurisdiction on the face of the notice of removal.  Should Preferred Merchant wish to contest any of Family Dollar's supplemental jurisdictional allegations, it shall do so through a response filed no later than May 1, 2006.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

April 7, 2006

cc:  James P. Harris, esquire
     Vincent J. Pisegna, Esquire
     Douglas M. Watson, esquire