UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Preferred Merchant Hood, LLC</u>

    v.                             Civil No. 06-cv-067-JD

<u>Family Dollar, Inc.</u>


O R D E R

    Preferred Merchant Hood, LLC, a landlord, commenced a possessory action against its tenant, Family Dollar, Inc., in the Derry District Court pursuant to New Hampshire Revised Statutes Annotated ("RSA") 540:13.  After the state court scheduled a hearing on the merits, to take place February 23, 2006, Family Dollar removed the case to this court, invoking its diversity jurisdiction.  Preferred Merchant then moved to remand for lack of subject matter jurisdiction, arguing, <u>inter alia</u>, that the case fails to satisfy the amount in controversy requirement.  Family Dollar objected to the remand motion.

    This court then issued a procedural order directing Family Dollar to "file an amended notice of removal setting forth the citizenship of each of the parties for purposes of diversity jurisdiction . . . ."  Proc. Order at 2.  The court ordered Family Dollar to make this filing because its original notice of removal stated that simply that "[t]his Court has original jurisdiction over this case because the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states," without alleging the citizenship of either party.  Not. Removal ¶ 4.  In its order, the court also noted that "for purposes of diversity jurisdiction, a limited liability company (like Preferred Merchant) has the citizenship of each of its members." Proc. Order at 1-2 (citing Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54-55 (1st Cir. 2006)).

Family Dollar has since filed an amended notice of removal stating that "Preferred Merchant is a Massachusetts limited liability company with two members:  Merchant Hood LLC (a Massachusetts limited liability company) and First Merchants Group LP (a Massachusetts limited partnership).  Preferred Merchant is thus a citizen of Massachusetts."  Am. Not. Removal ¶ 2.  But the phrase "Massachusetts limited liability company" is meaningless to the jurisdictional inquiry, because, again, "the citizenship of a limited liability company is determined by the citizenship of all of its members."  Pramco, 435 F.3d at 54.  Likewise, as the First Circuit also noted in Pramco, "[t]he citizenship of [a] . . . partnership . . . is determined by the citizenship of all of its members." Id. (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)).

Thus, in Pramco, the circuit ruled that the jurisdictional

allegation that the plaintiff was "a limited liability company, organized under the laws of Delaware, with its principal place of business in New York" was "insufficient to establish the existence of complete diversity."  Id.  Despite this court's effort to expedite the jurisdictional determination by bringing Pramco to the parties' attention in the procedural order, Family Dollar has responded to that order with a jurisdictional allegation identical to the one found insufficient by the First Circuit in that case.  As the Seventh Circuit has put it, "there is no such thing as 'a [state name] limited partnership' for purposes of . . . diversity jurisdiction," Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996), or, by like token, "a [state name] limited liability company."  Such allegations, then, do nothing to inform the jurisdictional inquiry.  Instead, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." Meyerson v. Harrah's E. Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002).

   Family Dollar and its lawyers have now had two chances to perform this task, the second accompanied by the court's explicit instructions on how to determine the citizenship of unincorporated associations.  Their continued failure to do warrants the determination that subject matter jurisdiction does

3

not exist.  Guaranty Nat'l Title Co., 101 F.3d at 59.  "Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear."  Id.  Indeed, the court warned Family Dollar in the procedural order that remand would follow if it failed "to file an amended notice of removal setting forth the citizenship of each of the parties for purposes of diversity jurisdiction."  Proc. Order at 2.  The case is therefore remanded to the Derry District Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    Finally, in its motion for remand, Preferred Merchant asks for an order requiring Family Dollar to pay its attorneys' fees and costs incurred in connection with the motion on the ground that "removal was improper."  Mot. ¶ 4.  Preferred Merchant argues that Family Dollar's "true purpose" in removing the case in the absence of subject matter jurisdiction was to delay the hearing on the merits scheduled in the Derry District Court, so "remanding this matter . . . without awarding Preferred Motion its costs and fees would only reward Family Dollar for its stall tactic."  Mem. Law Supp. Mot. Remand ¶ 29.  Though Family Dollar objected to remand in both its original opposition to the motion and its subsequent sur-reply, neither filing addressed Preferred

Merchant's request for fees and costs.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court held last term that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005).  The Court also noted, in a passage with particular relevance to this case, that a party's "failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees."  Id.

Here, the court determines that Family Dollar lacked an objectively reasonable basis for removing this case.  Indeed, as just discussed, Family Dollar either still does not know or is unwilling to say whether the parties are in fact diverse.  Furthermore, as the Supreme Court explained in Martin, "awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purposes of prolonging litigation, while not undermining Congress's basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  126 S. Ct. at 711.  Again, Family Dollar has made no effort to satisfy the test for diversity jurisdiction

here; this failure, combined with the fact that removal occurred just over a week before a scheduled hearing in the state court, amply support the inference that the purpose of that tactic was to delay the resolution of this matter.

Preferred Merchant is therefore entitled to collect its costs and attorneys' fees incurred as a result of the removal from Family Dollar.  To that end, if Preferred Merchant wishes to pursue those expenses, it shall file a request for costs and fees within twenty days of the date of this order in accordance with Local Rule 54.1.  Family Dollar will then have an opportunity to respond to any request pursuant to section (c) of the rule.

## Conclusion

For the foregoing reasons, this case is REMANDED to the Derry District Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).  The court also determines that Preferred Merchant is entitled to its attorneys' fees and costs incurred as a result of the removal.  Preferred Merchant's motion for remand (document no. 7) is therefore allowed to the extent it seeks fees and costs; the motion is otherwise TERMINATED.  Family Dollar's motion for leave to file a sur-reply (document no. 23) is also TERMINATED.  This court's order of April 6, 2006,

granting Family Dollar's motion for an extension of time to respond to the complaint (document no. 21), is VACATED.

    SO ORDERED.

                                    Joseph A. DiClerico, Jr.
                                    United States District Judge

April 24, 2006

cc:   James P. Harris, Esquire
      Vincent J. Pisegna, Esquire
      Douglas M. Watson, Esquire